UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────

UNITED STATES OF AMERICA,

        -against-

DANIEL GOMEZ,

                Defendant.
─────────────────────────────

MEMORANDUM & ORDER
95-CR-750-3 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

On September 6, 1996, Defendant Franklin Ocampo, A/K/A Danny Gomez, was sentenced to a term of life imprisonment after a jury convicted him of four counts, including one count of taking a hostage resulting in the hostage's death. *See Ocampo v. United States*, 99-cv-6727 (JG), 2004 WL 611959, at *3 (E.D.N.Y. Mar. 22, 2004). His conviction was upheld by the Second Circuit, and a subsequent motion to vacate his sentence pursuant to 28 U.S.C. § 2255 was denied. *Id.* at *1, *3. He is currently incarcerated at FCI McDowell. Now before the court are four motions filed by Mr. Gomez to reduce his sentence under 18 U.S.C. § 3582(c)(2), based on two amendments to the United States Sentencing Guidelines; under Section 404 of the First Step Act of 2018; and for compassionate release under 18 U.S.C. § 3582(c)(1)(A), based on the ongoing COVID-19 pandemic. (*See* Def.'s Mot. For Reduction of Sentence under § 3582(c)(2) ("Amendment 505 Mot.") (Dkt. 56); Def.'s Second Mot. For Reduction of Sentence under § 3582(c)(2) ("Amendment 782 Mot.") (Dkt. 57); Def.'s Mot. for Reduction of Sentence under § 404 of the First Step Act ("First Step Mot.") (Dkt. 58); Gov't Opp. to Def.'s Mots. ("Opp. to Sentence Reduction") (Dkt. 64); Def.'s Mot. for Compassionate Release ("Mot. for Compassionate Release") (Dkt. 69); Gov't Opp. to Mot. for Compassionate Release

1

("Opp. to Compassionate Release") (Dkt. 70).) For the following reasons, Mr. Gomez's motions are DENIED.

## A.  Sentence Reduction under 18 U.S.C. § 3582(c)(2)

Although a court generally "may not modify a term of imprisonment once it has been imposed," Section 3582(c)(2) provides an exception "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c). Courts engage in a two-step inquiry to decide if a sentence reduction is appropriate under the statute. *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).[1] First, the court must "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* This requires the court to "determine the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Id.* If the first step of the inquiry is satisfied, the court can then "consider any applicable 18 U.S.C. § 3553(a) factor and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

Mr. Gomez argues that he merits a reduction under Section 3582(c)(2) based on Amendments 505 and 782 to the Sentencing Guidelines.

### 1.  Amendment 505

Amendment 505 "modified the Drug Quantity Table in Section 2D1.1 by eliminating the base offense levels of 40 and 42 and

---

[1] When quoting cases, and unless otherwise noted, all citation and quotation marks are omitted, and all alterations are adopted.

setting 38 as the upper limit of offense levels determined by the table." *Chow v. United States*, No. 96-cv-237 (RJD), 1996 WL 148426, at *1 (E.D.N.Y. Mar. 15, 1996); U.S.S.G. App. C, Vol. 1, amend. 505 (Nov. 1, 1994). Because Amendment 505 only affected the Drug Quantity Table in § 2D1.1, in order to qualify for a sentence reduction under the amendment, a defendant must have been sentenced in reference to § 2D1.1. *See id.*

Mr. Gomez argues that he is eligible for a sentence reduction under this amendment because he claims he was sentenced under § 2D1.1; however, because Mr. Gomez's offense resulted in the death of a victim, his base offense level for Count One was calculated in reference to a different section of the Sentencing Guidelines, § 2A1.1. (*See* Presentence Investigation Report ("PSR") ¶ 16.) Amendment 505 did not modify the guideline under which Mr. Gomez was sentenced, and thus he is not eligible for a sentence reduction under that amendment. *See Chow*, 1996 WL 148426, at *1 ("[B]ecause petitioner's sentence was in no way determined by using the Drug Quantity Table in section 2D1.1, he is not entitled to a reduction in his sentence based on Amendment 505."); *Birkett v. United States*, No. 90-cr-1063 (SJ), 2009 WL 10655836, at *2 (E.D.N.Y May 26, 2009) (holding that defendant not sentenced under U.S.S.G. § 2D1.1 was not eligible for sentence reduction based on Amendment 505).

Moreover, Amendment 505 was already in effect when Mr. Gomez was sentenced. Amendment 505 was made effective on November 1, 1994. Mr. Gomez was sentenced on September 6, 1996. *Ocampo*, 2004 WL 611959, at *3. Because his guideline range was not "subsequently lowered" by Amendment 505, he is not entitled to a sentence reduction under Section 3582(c)(2).

2. Amendment 782

Like Amendment 505, Amendment 782 modified the Drug Quantity Table in § 2D1.1 and "reduce[d] the offense levels associated

3

with certain controlled substances crimes by two levels." *United States v. King*, 813 Fed. App'x 690, 692 (2d Cir. 2020) (quoting *United States v. Leonard*, 844 F.3d 102, 106 (2d Cir. 2016)); U.S.S.G. App. C, amend. 782 (Nov. 1, 2014). Amendment 788 applied Amendment 782 retroactively. *See United States v. Ramirez*, 846 F.3d 615, 618 (2d Cir. 2017). Amendment 782 amended § 2D1.1; Mr. Gomez was sentenced in reference to § 2A1.1. (PSR ¶ 16.) Because Amendment 782 did not affect the guideline under which the court sentenced Mr. Gomez, it does not qualify him for a sentence reduction.

### B. Sentence Reduction under Section 404 of the First Step Act of 2018

Mr. Gomez also seeks a sentence reduction pursuant to Section 404 of the First Step Act of 2018. (First Step Mot.) The First Step Act applied the Fair Sentencing Act of 2010 retroactively to defendants who were sentenced before it was adopted, like Mr. Gomez. *United States v. Davis*, 961 F.3d 181, 183 (2d Cir. 2020); First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. The Fair Sentencing Act was passed in August 2010 in order to "restore fairness to Federal cocaine sentencing." *United States v. Erskine*, 717 F.3d 131, 133 n.2 (2d Cir. 2013); Pub. L. 111-220, 124 Stat. 2372 (2010). It did so by "reform[ing] a penalty structure for crack cocaine offenses that was considered by many to be overly harsh and to have a disparate heavy impact on African-American defendants." *United States v. Simons*, 375 F. Supp. 3d 379, 384 (E.D.N.Y. Apr. 22, 2019).

As relevant to Mr. Gomez's motion, the Fair Sentencing Act modified the penalties for crimes involving 50 grams or more of crack cocaine. *See Davis*, 961 F.3d at 186. However, Mr. Gomez was convicted of conspiracy to distribute five kilograms or more of powder cocaine, not crack cocaine. *Ocampo*, 2004 WL 611959, at *3. (Opp. to Sentence Reduction at 4-5.) Accordingly, he was not sentenced in reference to the Sentencing Guidelines for crack

4

cocaine offenses. Neither the Fair Sentencing Act nor the First Step Act modified penalties for crimes involving powder cocaine. *See United States v. Luna*, 436 F. Supp. 3d 478, 482 (D. Conn. Jan 29, 2020); *United States v. Pubien*, 805 Fed. App'x 727, 730 (11th Cir. 2020). Mr. Gomez is thus not eligible for a sentence reduction under the First Step Act.

### C. Motion for Compassionate Release in Light of the COVID-19 Pandemic

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to reduce a defendant's sentence upon motion of either the Director of the Bureau of Prisons ("BOP") or the defendant. A defendant may move under § 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* A "defendant's failure to exhaust administrative remedies is a 'threshold matter' preventing the court from considering a Section 3582 application." *United States v. Alvarez*, No. 89-CR-229(JS), 2020 WL 4904586, at *2 (E.D.N.Y. Aug. 20, 2020); *see also United States v. Napout*, No. 15-CR-252 (PKC), 2020 WL 1872455, at *1 (E.D.N.Y. Apr. 14, 2020); *United States v. Baez*, No. 09-CR-74 (BMC), 2020 WL 2615928, at *2 (E.D.N.Y. May 22, 2020).

A court may reduce a defendant's sentence under § 3582(c)(1)(A) only if it finds that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The court therefore must consider "the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." *Id.* The Sentencing Commission, to which Congress delegated the responsibility

to "describe what should be considered extraordinary and compelling reasons for sentence reduction," 28 U.S.C. § 994(t), has determined that a defendant's circumstances meet this standard when, *inter alia*, the defendant is "suffering from a terminal illness" or a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility," or if, in the judgment of the BOP, the defendant's circumstances are extraordinary and compelling for "other . . . reasons." U.S.S.G. § 1B1.13(1)(A) & Application Note 1(A), 1(D). The Sentencing Commission has additionally determined that a court should reduce a defendant's sentence only after determining that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Finally, the defendant has the burden to show he is entitled to a sentence reduction. See *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992).

Mr. Gomez seeks a reduced sentence or compassionate release in light of the ongoing COVID-19 pandemic. (Mot. for Compassionate Release.) He claims that he "filed a request for compassionate release more than thirty days ago to the Warden" at FCI McDowell, but he has not supplied any documentation to support his claim. (*Id.* at 3.) Moreover, the BOP reported that as of February 9, 2021, it has yet to receive a request for compassionate release from Mr. Gomez. (Opp. to Compassionate Release at 4.) Without further evidence, he has failed to meet his burden to show that he has exhausted his administrative remedies, as the statute requires. *See United States v. Sosa*, No. 18-CR-229 (VM), 2020 WL 4252683, at *1 (S.D.N.Y. July 24, 2020).

Even assuming Mr. Gomez had exhausted his administrative remedies, his situation does not qualify as an "extraordinary and compelling circumstance." At 53 years old, Mr. Gomez faces a higher risk of suffering complications from COVID-19 than a younger person does, but a lower risk of hospitalization or death

than people over the age of 65, who account for eight of ten deaths attributable to the virus in the United States.[2] In November 2020, Mr. Gomez tested positive for COVID-19 following exposure to the virus and did not suffer more severe complications due to his age or medical history. (Mot. for Compassionate Release at Ex. A.) Although Mr. Gomez suffers from appendicitis and chronic back and knee pain, the CDC does not list those issues among the conditions that are known to increase the risk of severe illness should Mr. Gomez contract COVID-19 again.[3] As a former smoker, Mr. Gomez qualifies as an individual at an "increas[ed] risk of severe illness from COVID-19" under applicable CDC guidelines.[4] However, the medical records Mr. Gomez provided do not indicate that he suffers from any difficulties arising from this condition. (Mot. for Compassionate Release at Ex. A).)[5]

---

[2] Centers for Disease Control and Prevention, *Older Adults*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited March 26, 2021).

[3] Centers for Disease Control and Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 25, 2021).

[4] *Id*.

[5] The court does not consider whether compassionate release would be consistent with the factors set forth in 18 U.S.C. § 3553(a) because it concludes that Mr. Gomez has not established that there are extraordinary and compelling reasons that support the reduction of his sentence.

### D. CONCLUSION

For the foregoing reasons, Mr. Gomez's motions are DENIED.

SO ORDERED.


Dated:   Brooklyn, New York
         April 5, 2021

                                               /s/ Nicholas G. Garaufis
                                              NICHOLAS G. GARAUFIS
                                              United States District Judge