UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────
UNITED STATES OF AMERICA,

                  -against-

DANIEL GOMEZ,

                              Defendant.
───────────────────────────────

**MEMORANDUM & ORDER**
**95-CR-750 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pending before the court is Defendant Daniel Gomez's seventh *pro se* Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See* Seventh Mot. for Reduction ("Mot.") (Dkt. 80); Government's Opposition (Dkt. 82); Reply (Dkt. 83).) For the reasons set forth below, Gomez's motion is DENIED.

**I. BACKGROUND**

The court assumes familiarity with the relevant facts of this case as set forth in Judge Gleeson's March 22, 2004 Memorandum & Order denying Gomez's motion to vacate pursuant to 28 U.S.C. § 2255. *See Ocampo v. United States*, 99-CV-6727 (JG), 2004 WL 611959 (E.D.N.Y. Mar. 22, 2004).

**II. LEGAL STANDARD**

"'A court may not modify a term of imprisonment once it has been imposed except pursuant to statute.'" *United States v. Alvarez*, No. 89-CR-0229 (JS), 2020 WL 4904586, at *1 (E.D.N.Y. Aug. 20, 2020) (quoting *United States v. Rabuffo*, No. 16-CR-0148 (ADS), 2020 WL 2523053, at *1 (E.D.N.Y. May 14,

2020)).[1] An incarcerated defendant may file a compassionate release motion to request a sentence modification due to "extraordinary and compelling" circumstances after exhausting all other administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Thus, a defendant may move for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* A "defendant's failure to exhaust administrative remedies is a threshold matter preventing the Court from considering a Section 3582 application." *Alvarez*, 2020 WL 4904586, at *2; *See also United States v. Napout*, No. 15-CR-252 (PKC), 2020 WL 1872455, at *1 (E.D.N.Y. Apr. 14, 2020).

Where exhaustion is satisfied, a court may grant such a motion only if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In reviewing compassionate release motions[2], district courts are free "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them," and are afforded broad discretion in interpreting the Sentencing Guideline § 1B1.13 and its application notes. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). The only statutory limit placed on what qualifies as extraordinary and compelling is that "[r]ehabilitation of the defendant alone shall not be considered an

---

[1] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

[2] Although courts generally refer to motions under this statute as compassionate release motions, the statute speaks in terms of sentence reduction rather than release. *See* 18 U.S.C. § 3582(c)(1)(A). This court uses "sentence reduction" and "compassionate release" interchangeably to refer to Gomez's motion.

extraordinary and compelling reason." 28 U.S.C. § 994(t); *see Brooker*, 976 F.3d at 237-38.

Finally, where a defendant is *pro se*, the court must construe his pleadings and briefs liberally, and interpret them to "raise the strongest arguments that they suggest." *United States v. Pilcher*, 950 F.3d 39, 44 (2d Cir. 2020).

### III. DISCUSSION

Gomez's motion is denied for the following reasons.

First, Gomez has not demonstrated that he has exhausted his administrative remedies. A defendant may move for compassionate release only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). As in his prior motions, (*see* Mem. & Order Dated 4/5/2021 (Dkt. 72) at 6), Gomez claims that he "requested the Warden to prepare a motion for the reduction of sentence on [sic] November 2024" (Mot. ¶ 20). However, Gomez provides no documentation to support his claim. (*Id.*) Thus, Gomez fails to meet his burden to show that he has exhausted his administrative remedies. *See United States v. Sosa*, No. 18-CR-229 (VM), 2020 WL 4252683, at *1 (S.D.N.Y. July 24, 2020) ("Absent proof that such a request [to the Warden] was made, the Court cannot verify that [the defendant] has exhausted his administrative remedies."); *United States v. Alvarez*, No. 89-CR-229 (JS), 2020 WL 4904586, at *2 (E.D.N.Y. Aug. 20, 2020) ("[A] defendant's failure to exhaust administrative remedies is a threshold matter preventing the Court from considering a Section 3582 application.").

Second, "[t]o warrant a [sentence] reduction, [petitioner] must articulate either a new basis for relief or changed circumstances since [the prior motion]." *United States v. Reynolds*, 99-CR-520

(NGG), 2023 WL 4086882, at *4 (E.D.N.Y. June 20, 2023). Gomez's motion raises similar arguments regarding his rehabilitation as those already addressed in the court's previous decisions. (*See* Mem. & Order Dated 4/5/2021; Text Order Dated 8/10/2023.) For instance, Gomez cites his incident-free prison record and his extensive programming history to demonstrate his rehabilitation. (Mot. ¶ 20.) In its August 10, 2023 Text Order, the court already concluded that "rehabilitation alone is not an extraordinary and compelling reason warranting a sentence reduction." (Text Order Dated 8/10/2023.)

Third, Gomez's new bases for relief are without merit. First, Gomez argues that he is serving an unusually long sentence, which constitutes "extraordinary and compelling reasons" for a sentence reduction pursuant to Amendment 814 to the United States Sentencing Guidelines (the "Guidelines"). (Mot. ¶¶ 10-18.) Amendment 814 states: "If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. Amend. 814 (eff. Nov. 1, 2023), https://www.ussc.gov/guidelines/amendment/814 [https://perma.cc/SVN9-G5SF]; U.S.S.G. § 1B1.13(b)(6). Gomez's motion asserts that he is serving an unusually long sentence, but fails to identify a change in law, as the Guideline requires. *See United States v. Romero*, No. 22-CR-3213, 2025 WL 1732987, at *2 (2d Cir. Jun. 23, 2025) (rejecting similar claim for relief pursuant to § 1B1.13(b)(6), as amended by Amendment 814). Second, Gomez argues that Amendment 829 to the Guidelines, effective November 1, 2024, provides a basis for a sentence reduction. (*See* Mot. ¶ 19.) However, Amendment 829 does not apply retroactively. *See* U.S.S.G. § 1B1.10(b)(1), (d);

4

*United States v. Parrot*, No. 21-CR-691 (RMB), 2025 WL 995398, at *2 (S.D.N.Y. Apr. 3, 2025) ("Courts have held that Amendment 829 is not retroactive.") (collecting cases). Finally, to the extent Gomez argues that a sentencing disparity between himself and his codefendants constitutes an extraordinary and compelling reason warranting a reduction in his sentence, (Mot. ¶¶ 17-18), the court disagrees and concludes that any disparity is a function of Gomez's greater culpability in the offenses of conviction.

### IV. CONCLUSION

For the foregoing reasons, Gomez's seventh *pro se* Motion for Reduction of Sentence is DENIED.

SO ORDERED.

Dated:    Brooklyn, New York
          July 31, 2025

                                        s/Nicholas G. Garaufis
                                        _____
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge

5